UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF ARKANSAS

U.S.A. vs. Dallas D. Standridge            Docket No. 0860 4:17CR00293 BSM

**Superseding Petition for Summons for Person Under Pretrial Supervision**
**(Replacing previously filed petition, Docket Entry 2154)**

COMES NOW Kelley M. Autry, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Dallas D. Standridge, who was placed under pretrial release supervision by the Honorable Patricia S. Harris sitting in the Court at Little Rock, Arkansas, on October 13, 2017, under the following conditions:

(1)    The defendant must not violate federal, state, or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)    The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)    The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)    The defendant must sign an Appearance Bond, if ordered.

(7)    The defendant must:
(a) submit to supervision and report for supervision to the U.S. Probation Office.
(b) continue or actively seek employment.
(g) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including: Exception-can have contact with co-defendant wife.
(k) not possess a firearm, destructive device, or other weapon.
(l) not use alcohol excessively.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(n) submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of any prohibited substance screening or testing.
(o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops.
(s) maintain regular contact with his/her attorney, not less than every two weeks.

On February 12, 2018, conditions of release were modified, and he was ordered to return to Chem Free living and pay the past due rent on or before February 26, 2018.

On September 24, 2018, conditions of pretrial release were modified to include the defendant may change his residence from the chemical-free living facility at Recovery Centers of Arkansas (RCA) in Little Rock, Arkansas, to his mother's residence in Lonoke, Arkansas.

Sentencing is pending, before the Honorable Brian S. Miller, U.S. District Judge.

**RESPECTFULLY PRESENTING SUPERSEDING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**Description of apparent supplemental violations:** On July 27, 2021, during a phone conversation with his pretrial services officer, the defendant admitted he had not been residing at his approved residence since June 18, 2021, without prior permission from his supervising officer.

On July 27 and 28, 2021, the defendant failed to report for scheduled drug tests.

**Description of apparent violations:** On June 15, 2021, the defendant submitted a urine specimen which tested and confirmed positive for methamphetamine. Furthermore, the defendant denied using methamphetamine, but admitted he may have ingested the substance through his skin when assisting a friend clean up some methamphetamine spilled in his presence.

On June 22, 2021, the defendant failed to report for a scheduled drug test.

**Description of prior violations:** The following violations were previously reported to the court: On November 18, 2020, the defendant submitted a urine specimen which tested and confirmed positive for amphetamine and methamphetamine.

On November 4, 2020, the defendant submitted a urine specimen which tested and confirmed positive for amphetamine. Furthermore, the defendant verbally admitted the use of methamphetamine on or about October 29, 2020.

On September 29, 2020, the defendant submitted a urine specimen which tested and confirmed positive for amphetamine and methamphetamine. The defendant denied any use of illegal substances since his last admitted use on September 21, 2020.

On September 22, 2020, the defendant submitted a urine specimen which tested and confirmed positive for amphetamine and methamphetamine. Furthermore, the defendant verbally admitted the use of methamphetamine on or about September 21, 2020.

On September 3, 2020, the defendant submitted a urine specimen which tested and confirmed positive for amphetamine and methamphetamine. The defendant denied use of illegal substances but advised he may have inhaled second-hand methamphetamine smoke on or about September 1, 2020.

On January 23, 2018, the defendant was discharged from chemical-free living as a program failure due to delinquent rental payments.

On February 23, 2018, the defendant violated his pretrial supervised release when he failed to contact the U.S. Probation Officer as instructed.

On February 26, 2018, the defendant violated his pretrial supervised release when he failed to contact the U.S. Probation Officer as instructed.

On February 26, 2018, the defendant violated his pretrial supervised release when he failed to obtain employment in the Little Rock, Arkansas, area as directed by the court.

**Actions taken to bring the defendant into compliance were as follows:** The defendant was referred to Freedom House for a 30-day residential substance abuse treatment program which he successfully completed on January 4, 2021. The defendant was subsequently enrolled in outpatient substance abuse counseling with Family Service Agency which he successfully completed in May of 2021. The defendant is currently enrolled in the most intensive phase of Code-a-Phone testing to monitor drug use.

**Defendant's compliance with release conditions:** A record check revealed no new arrests.

**OFFICER'S RECOMMENDATION:**

It is respectfully requested that a summons be issued, and the defendant appear for a show-cause hearing to determine if bond should be revoked.

| | |
|---|---|
| **I declare under penalty of perjury that the foregoing is true and correct.** | The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion. |
| _/s/ Kelley M. Autry_ | _/s/ Liza June Brown_ |
| Kelley M. Autry | Liza J. Brown |
| U.S. Probation Officer | Assistant U.S. Attorney |
| Executed on   August 3, 2021 | Executed on   August 8, 2021 |

Approved by:

_/s/ Jason B. Stent_

Supervising U.S. Probation Officer

---

THE COURT ORDERS:

☐   To Issue a Sealed Warrant Pending Execution (cc: U.S. Probation and U.S. Marshal only)

3

☐ The Petition (Docket Entry 2154) is denied as moot and superseded by this Petition
☐ To Issue a Summons
☐ No Action
☐ Other

_____            _____
Honorable Patricia S. Harris                Date
United States District Judge

c:   The Honorable Brian S. Miller, U.S. District Judge
     The Honorable Patricia S. Harris, U.S. Magistrate Judge