IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          CASE NO.  4:17-CR-00293-BSM-10

DALLAS STANDRIDGE                                           DEFENDANT

## ORDER

Dallas Standridge's motion to reduce his sentence [Doc. No. 2988] is denied for the following reasons.

First, the retroactive application of Amendment 821 to the Federal Sentencing Guidelines does not reduce his range.  This is true because Standridge does not benefit from the zero-point reduction because he possessed a firearm in connection with the offense.  *See* U.S.S.G. § 4C1.1(a)(7).  Second, Standridge has not presented extraordinary and compelling reasons for relief.  *See* U.S.S.G. § 1B1.13(b).  His argument regarding a non-retroactive Guidelines amendment related to Mitigating Role "shall not be considered for purposes of determining whether extraordinary and compelling reasons" exist for a sentence reduction. U.S.S.G. § 1B1.13(c).  Standridge also references the disparity between methamphetamine actual and mixture and the "evolving policy landscape" on this issue, but "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).  Third, rehabilitation alone does not warrant relief.  28 U.S.C. § 994(t).  Finally, even assuming Standridge established extraordinary and compelling

circumstances, his motion would still be denied because the section 3553(a) factors do not weigh in favor of granting his motion.

IT IS SO ORDERED this 19th day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE